1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                         **EASTERN DIVISION**

11

12  ROBERT BENNETT,              )     NO. CV 10-7762-CW
                                 )
13              Plaintiff,       )     DECISION AND ORDER
          v.                     )
14                               )
    MICHAEL J. ASTRUE,           )
15  Commissioner, Social Security)
    Administration,              )
16                               )
                Defendant.       )
17  _____)

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of his consolidated applications

22  for Supplemental Security Income.  As discussed below, the court finds

23  that the Commissioner's decision should be reversed and this matter

24  remanded for further proceedings.

25  ////

26  ////

27

28

                                    1

### I.  BACKGROUND

Plaintiff Robert Levy Bennett[1] was born on September 30, 1964, and was forty-five years old at the time of the supplemental administrative hearing at issue here. [Administrative Record "AR" 841.] He has a limited education, was found to be able to communicate in English, and has past relevant work as a polishing machine operator.  [AR 43, 655.]  Plaintiff claims disability on the basis of back, neck, and left knee impairments, sleep apnea, high blood pressure, and mental problems. [See AR 642.]

### II.  PROCEEDINGS IN THIS COURT

Plaintiff filed the complaint in this matter on October 18, 2010. On May 19, 2011, Defendant filed an answer and Plaintiff's Administrative Record ("AR").  On July 25, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

### III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff initially applied for Supplemental Security Income ("SSI") on August 14, 2001, alleging disability since July 4, 1998. After a hearing was held and Plaintiff's application was denied on January 26, 2004, [see AR 42-48, 608-34], Plaintiff sought review in this court.[2]  While that initial appeal was pending, Plaintiff submitted additional material to the Appeals Council and filed another

---

[1]  By way of clarification, Petitioner's medical records refer to him alternatively as Robert Bennet and as Robert Levy.

[2]   See case no. 08-CV-8472-CW.

2

application for SSI benefits and an application for Disability Insurance Benefits ("DIB").

This court then approved a stipulation of voluntary remand and remanded the matter for further proceedings. [AR 667-68.] The Appeals Council directed the ALJ to associate all outstanding applications and to issue a decision on the consolidated claims. A supplemental hearing was held on March 30, 2010, at which Plaintiff appeared with counsel and testified. [AR 1063-96.] The ALJ also received testimony from vocational expert ("VE") Jeanine Metaldi. [AR 1088-96.]

The ALJ issued a decision denying benefits on May 5, 2010. [AR 640-656.] When the Appeals Council declined to assume jurisdiction, the ALJ's decision became the Commissioner's final decision. [See AR 635A-B.] This action followed.

## IV. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a

1    preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence

2    which a reasonable person might accept as adequate to support a

3    conclusion." <u>Id.</u>  To determine whether substantial evidence supports

4    a finding, a court must review the administrative record as a whole,

5    "weighing both the evidence that supports and the evidence that

6    detracts from the Commissioner's conclusion." <u>Id.</u>  "If the evidence

7    can reasonably support either affirming or reversing," the reviewing

8    court "may not substitute its judgment" for that of the Commissioner.

9    <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V.  <u>DISCUSSION</u>

### A.    THE FIVE-STEP EVALUATION

12       To be eligible for disability benefits a claimant must

13   demonstrate a medically determinable impairment which prevents the

14   claimant from engaging in substantial gainful activity and which is

15   expected to result in death or to last for a continuous period of at

16   least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at

17   721; 42 U.S.C. § 423(d)(1)(A).

18       Disability claims are evaluated using a five-step test:

19       Step one: Is the claimant engaging in substantial

20       gainful activity?  If so, the claimant is found not

21       disabled.  If not, proceed to step two.

22       Step two: Does the claimant have a "severe" impairment?

23       If so, proceed to step three.  If not, then a finding of not

24       disabled is appropriate.

25       Step three: Does the claimant's impairment or

26       combination of impairments meet or equal an impairment

27       listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If

28       so, the claimant is automatically determined disabled.  If

not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[3], age, education, and work experience, a claimant can perform other work

---

[3]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

which is available in significant numbers.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION OF PLAINTIFF'S CASE**

The ALJ found that Plaintiff does not meet the insured status requirements of the Social Security Act and that he has not engaged in substantial gainful activity since July 4, 1998, the alleged onset date (step one); that Plaintiff had the "severe" impairments of: status post IDET procedure[4] in October 2002, status post-arthroscopic surgery to the left knee in April 2005, status post-cervical spine surgery and fusion in August 2007, and borderline intellectual functioning (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three).  [AR 652.]

The ALJ further determined that Plaintiff had an RFC to perform sedentary, simple and repetitive work with the following additional limitations:

> [L]ift and carry 10 pounds occasionally and less
> than 10 pounds frequently, sitting 6/8 hours,
> standing/walking 2-4/6 hours in 20-minute
> intervals, use of a cane for extended ambulation,
> must alternate sitting/standing every 30 minutes
> to relieve pain/discomfort, with a limitation to
> occasional climbing of ramps/stairs, balancing and
> stooping, a preclusion from climbing
> ladders/scaffolds, kneeling, crouching and
> crawling, occasional reaching bilaterally and an

---

[4]  This refers to Intradiscal Electrothermal Therapy, a procedure used to treat discogenic back pain.  See JS at 7 n.3.

1          avoidance of concentrated exposure to machines and

2          heights.

3  [Id.]  The ALJ found this RFC precluded Plaintiff from performing his

4  past relevant work (step four). [AR 642, 655.] Nonetheless, given

5  Plaintiff's RFC, age, education, and work experience, the ALJ

6  concluded there were jobs that existed in significant numbers in the

7  national economy that the Plaintiff could perform (step five).  [AR

8  655.]  Accordingly, Plaintiff was not "disabled" within the meaning of

9  the Social Security Act.  [AR 656.]

10          **C.  PLAINTIFF'S PRESENT CLAIMS**

11          The parties' Joint Stipulation identifies one disputed issue,

12  whether the ALJ erred in concluding Plaintiff's mental functioning

13  does not meet or equal a listing level impairment. [JS 3.]

14          **D.  ISSUE: LISTING 2.50(C)**

15          Plaintiff contends the ALJ erred because the evidence shows he

16  has a full scale I.Q. score of 70, which he contends renders him

17  presumptively disabled under Listing 12.05C, given that he also has

18  been found to suffer from a physical impairment.

19          To "meet" a listing, a claimant must meet each characteristic of

20  a listed impairment; to "equal" a listing a claimant must show

21  symptoms, signs, and laboratory findings at least equal in severity

22  and duration to characteristics of a relevant listing, i.e., of the

23  listed impairment "most like" the claimant's impairment.  Tackett, 180

24  F.3d at 1099; 20 C.F.R. § 404.1526. An ALJ is required to evaluate all

25  relevant evidence before finding a plaintiff's impairments do not meet

26  or equal a listing – "[a] boilerplate finding is insufficient." Lewis

27  v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001) (citing Marcia v.

28  Sullivan, 900 F.2d 172, 176 (9th Cir. 1990)).

1      Listing 12.05C, relating to mental retardation, states in

2  relevant part:

3          12.5 Mental retardation: Mental retardation refers

4          to significantly subaverage general intellectual

5          functioning with deficits in adaptive functioning

6          initially manifested during the developmental

7          period; i.e., the evidence demonstrates or

8          supports onset of the impairment before age 22.

9                              * * *

10         C.   A valid verbal, performance, or full scale IQ

11         of 60 through 70 and a physical or other mental

12         impairment imposing an additional and significant

13         work-related limitation of function.

14  20 C.F.R. Part 404, Subpt. P., App. 1, Listing 12.05C.

15      To meet this listing, a claimant must satisfy the diagnostic

16  description in the introductory paragraph as well as one of the four

17  sets (A through D) of possible criteria.  20 C.F.R. Pt. 404, Subpt. P,

18  App. 1 § 12.00(A).

19      Plaintiff argues he meets this listing because he was found to

20  have a physical impairment and a full scale I.Q. score of 70.  His

21  argument centers on the report of a psychological consultative

22  examiner, Halimah McGee, Ph.D., who assessed plaintiff using a range

23  of tests of his mood, attention, and cognition.  [See AR 918-23.]

24  Among other findings, Dr. McGee assessed plaintiff with verbal I.Q. of

25  72, performance I.Q. of 74, and full-scale I.Q. of 70, and concluded

26  Plaintiff's overall intellectual capacity is in the "borderline"

27  range. [AR 921-22.]

28      The ALJ considered Dr. McGee's report and adopted the ultimate

finding that Plaintiff has, overall, "borderline" intellectual functioning. [AR 652, 648, 651.]  In so doing, the ALJ  mentioned the full scale IQ assessment [AR 648], but did not specifically address whether Plaintiff meets the requirements for listing 12.05C or the breadth of his intellectual impairment.

Defendant argues that a finding of borderline intellectual functioning is proper here, in that Dr. McGee did not find Plaintiff to have "significantly subaverage general intellectual functioning," and based upon other evidence of record and the doctor's report as a whole. [JS at 10; AR 921-22.] Also of note, the ALJ did conclude Plaintiff is not as "mentally impaired and non-functional as he claims." [AR 651, 654.] Defendant does not establish, however, that a claimant must show intellectual functioning below the range of borderline in order to satisfy this listing.  See Lewis v. Astrue, 2008 WL 191415, at *5 (N.D. Cal. Jan. 22, 2008).  A district court is constrained to review the reasons that the ALJ asserts for his decision and may not affirm the decision based on reasons or grounds that the Commissioner did not invoke.  Stout v. Commissioner, 454 F.3d 1050, 1054 (9th Cir. 2006); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  Moreover, while a valid I.Q. score need not be conclusive of mental retardation if the score is inconsistent with other evidence of record, see Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir.1992),[5] here, the ALJ did not explicitly consider listing 12.05; discuss whether, notwithstanding his full-scale I.Q. score,

---

[5]  See also Soto v. Secretary, 795 F.2d 219, 222 (1st Cir.1986) (the Commissioner "is not obliged to accept results of claimant's I.Q. tests if there is a substantial basis for believing that claimant was feigning the results."); Strunk v. Heckler, 732 F.2d 1357, 1360 (7th Cir.1984) (ALJ could reject I.Q. test.).

Plaintiff is or is not operating under "significantly subaverage
general intellectual functioning" and what evidence supports or
detracts from such a finding; or evaluate whether there is any
evidence suggesting this impairment may have manifested during the
developmental period.  Thus, the court is unable to gauge whether the
ALJ specifically and reasonably rejected the suggestion that the full
scale I.Q. score indicates mental retardation, or simply overlooked
the possibility. This was in error. An ALJ must make sufficiently full
and detailed findings of the facts essential to the decision so that a
reviewing court may determine the basis for the decision and whether
substantial evidence supports it.  See Lewin v. Schweiker, 654 F.2d
631, 634-35 (9th Cir. 1981).

Consequently, reversal is warranted.

**E.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within
the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,
1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
further proceedings, or where the record has been fully developed, it
is appropriate to exercise this discretion to direct an immediate
award of benefits.  Id., 211 F.3d at 1179 (decision whether to remand
for further proceedings turns upon their likely utility).  When,
however, there are outstanding issues that must be resolved before a
determination can be made, and it is not clear from the record that
the ALJ would be required to find the claimant disabled if all the
evidence were properly evaluated, remand is appropriate.  Id.

Here, it is not clear that even if the full scale I.Q. score were
credited – which it evidently was, at least to some extent – Plaintiff
would be deemed to meet the applicable listing.  Accordingly, remand

10

1   for further proceedings is appropriate.

2                          **VI.   <u>ORDERS</u>**

3        Accordingly, **IT IS ORDERED** that:

4        1.    The decision of the Commissioner is **REVERSED**.

5        2.    This action is **REMANDED** to defendant, pursuant to Sentence

6   Four of 42 U.S.C. § 405(g), for further proceedings.

7        3.    The Clerk of the Court shall serve this Decision and Order

8   and the Judgment herein on all parties or counsel.

9

10  DATED: August 8, 2011

11                                    _____

12                                    CARLA M. WOEHRLE
                                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28